UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs

WILLIAM A. SMITH,

    Defendant,

and

DETROIT RIVERFRONT
CONSERVANCY, INC.,

    Garnishee,

and

AMERICAN FUNDS
Aka CAPITAL GROUP
RETIREMENT PLAN SERVICES,

    Garnishee.

Case No. 2:25-mc-50623

Hon. Susan DeClercq

_____

## DEFENDANT WILLIAM A. SMITH'S ANSWER AND OBJECTION TO GARNISHEE DETROIT RIVERFRONT CONSERVANCY, INC.'S AMENDED ANSWER ECF NO. 16

NOW COMES William A. Smith ("Defendant" or "Judgment Debtor"), by and through his counsel, Gerald K. Evelyn and Robert E. Higbee, responds and

1

objects to Garnishee DRFC's Amended Answer (ECF No. 16) as follows

1. The Government sought and obtained a writ of continuing garnishment as to Garnishee American Funds and the DRFC on May 29, 2025. ECF Nos. 2, 5.

2. On June 18, 2025, American Funds answered the writ and indicated that it did not have any funds in its possession belonging to the Judgment Debtor. ECF No. 7.

3. Despite having this information, on June 20, 2025, the DRFC answered the writ indicating that it had only personal items of the Judgment Debtor's in its possession. It specifically disclaimed having any financial accounts including any retirement accounts within its possession. ECF No. 8.

4. On August 19, 2025, the Judgment Debtor timely filed his response to the DRFC's Answer to the writ of garnishment. ECF No. 13. Therein, Mr. Smith noted that he did not have any objection to the personal items identified in paragraph 12 of the DRFC's Answer being garnished. The Judgment Debtor also noted that, consistent with the general forfeiture language and judgment of sentence in the companion criminal case, that it was apparent the DRFC did not possess any financial accounts with the Judgment Debtor.

5. On September 2, 2025, the Government filed a response to the Judgment Debtor's response to the DRFC's writ. ECF No. 15. In that response, the Government noted that the DRFC had been asked to file an Amended Answer noting its possession of the American Funds' retirement account.

6. On September 5, 2025, the DRFC filed an Amended Answer now listing under financial accounts the Judgment Debtor's 401(k) retirement account. ECF No. 16.

7. Pursuant to 28 U.S.C. § 3205, the government may garnish only the property of a debtor to the United States.

8. Upon objection, the Court has the authority to quash the garnishment, and pursuant to 28 U.S.C. § 3013, the Court has broad discretion to limit, modify or otherwise refuse to enforce a writ garnishment.

9. The DRFC's Amended Answer is a hollow attempt to avoid Mr. Smith's retirement account being distributed for attorney's fees in the companion criminal case. When the DRFC filed its original Answer, it was in possession of information that American Funds indicated it was not in possession or control of the retirement account and the individuals at the DRFC, including Ryan Sullivan, who signed both the DRFC's Answer and the Amended Answer under penalty of perjury were in control or possession of that account.

10. Nonetheless, the DRFC now attempts to avoid those funds being distributed to Mr. Smith's trial counsel in the criminal case by simply listing this account for garnishment purposes.

11. This Court should not countenance such an effort and should quash the garnishment. If the Court finds that a hearing is necessary in order to grant this relief, the Court should grant such a hearing and permit discovery in this matter,

particularly into the circumstances surrounding the DRFC's Amended Answer and its communications with the Government.

12. To the extent that none of the items have been forfeited by the Stipulated Preliminary Order of Forfeiture, ECF No. 32 in Case No. 24-cr-20532, (or any subsequent Order of Forfeiture) or the Judgment of Sentence, ECF No. 36 in Case No. 24-20532, Mr. Smith does not object to the items listed in Paragraph 12 of the DRFC's Amended Answer in being garnished. See ECF No. 16, Page ID # 116.

13. While the DRFC initially acknowledged that it was not in possession or control of any financial account that is the property of Mr. Smith, this subsequent change of course runs contrary to the general forfeiture of that account by the Stipulated Preliminary Order of Forfeiture incorporated into the Judgment of Sentence in his criminal matter that extinguished his specific right to the American Funds account (while specifically reserving for a later date the amount of attorneys' fees to be distributed to Mr. Smith's counsel) and thus, any garnishment of that account would be improper.

WHEREFORE, the Judgment Debtor respectfully requests that the garnishment be quashed, and in the alternative, and only if the Court finds it necessary, the Judgment Debtor respectfully requests that the Court grant an evidentiary hearing and permit discovery in this matter as requested above.

Respectfully submitted,

<u>/s/ Gerald K. Evelyn</u>
Gerald K. Evelyn (P29182)
Robert E. Higbee (82739)
409 East Jefferson Ave., Ste. 500
Detroit, MI  48226
(313) 962-3500
geraldevelyn@yahoo.com
Counsel for Defendant
William A. Smith

Dated:  October 3, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                      s/Gerald K. Evelyn
                                      Gerald K. Evelyn
                                      Counsel for Defendant