# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

WILLIAM A. SMITH,

    Defendant,

and

DETROIT RIVERFRONT
CONSERVANCY, INC.,

    Garnishee,

and

AMERICAN FUNDS aka
CAPITAL GROUP
RETIREMENT PLAN SERVICES,

    Garnishee.

Case No.: 2:25-mc-50623-SKD
Hon. Susan K. Declercq

_____/

### UNITED STATES' REPLY TO DEFENDANT'S ANSWER AND OBJECTION TO GARNISHEE DETROIT RIVERFRONT CONSERVANCY, INC'S AMENDED ANSWER [ECF NO. 16] [ECF NO. 19]

The Court should deny the Defendant's Objection to the Garnishee, Detroit Riverfront Conservancy, Inc.'s, Amended Answer [ECF No. 16] (ECF No. 19) because the amendment merely corrects the identity of the controller of the Retirement Funds on deposit in the Capital Group Detroit Riverfront Conservancy

401K Account to the DRFC (referred to hereinafter as the "DRFC 401k"), and neither benefits nor harms the government or the Defendant, William A. Smith. The DRFC's Amended Answer was filed in response to the Answer of the Garnishee, American Funds aka Capital Group Retirement Plan Services ("CGRPS"); that it served as merely a recordkeeper and the DRFC held authority over the account and plan. ECF No. 7, at PageID.54-55. The Court should find the DRFC's Amended Answer does not change any material issue in dispute in the present garnishment.

The Court should deny the Defendant's request to quash the garnishment pursuant to 28 U.S.C. § 3013. The government addressed judicial discretion over garnishments in its Response; namely, that § 3013 was crafted to protect debtors and their exempt property rights. ECF No 15, at PageID.109-111. Here, the Defendant alleges the garnishment is to avoid the distribution of attorney fees. ECF No. 19, at PageID.124. Property exempt from garnishment is enumerated under 18 U.S.C. § 3613(a), and none of the express exemptions identify attorney fees or the DRFC 401k at issue (the DRFC 401k does not fall into any of the four categories of exempted retirement plans). *See* 26 U.S.C. § 6334(a)(6).

Finally, as the Defendant cited, the Stipulated Preliminary Order of Forfeiture ("SPOF") entered a **general order of forfeiture** concerning the Retirement Funds, specifically, the DRFC 401k pursuant to Fed. R. Crim. P. 32.2. ECF No. 19, at PageID.125 (citing *United States v. Smith*, 2:24-cr-20532, ECF No. 36) (emphasis added); *see also id*., ECF No. 32, at PageID.266. Courts may enter a general

2

preliminary order of forfeiture and amend it later when property to be forfeited is identified or calculated. Fed. R. Crim. P. 32.2(b)(2)(C). Prior to sentencing, the Parties identified property of the Defendant that met the requirements for forfeiture as substitute property in satisfaction of the forfeiture money judgment, pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461, and 21 U.S.C. § 853(p). *Smith*, 2:24-cr-20532, ECF No. 32, at PageID.266. Due to the ongoing dispute and briefing over the Defendant's ability to use the property to pay his attorneys, the Court entered a general order of forfeiture of the Retirement Funds and noted its intent to amend the order upon identification of specific amounts to be forfeited once a decision was rendered. *Id*.

On August 8, 2025, the Court entered a First Amendment to Preliminary Order of Forfeiture ("1st Amend. POF") and noted the issue of attorney fees related to the Retirement Funds remained pending. ECF No. 49, at PageID.573.

The Defendant argues the SPOF "extinguished" the Defendant's specific right to the American Funds account (the government understands this to mean the DRFC 401k), and therefore a garnishment would be improper. ECF No. 19, at PageID.125. The United States agrees with this position. However, the United States acknowledges that this Court *may* rule otherwise.

In the event the Court finds that a portion of the DRFC 401k is *not* subject to forfeiture as a substitute asset in satisfaction of the forfeiture money judgment and is property of the Defendant which he has the right to pay any general unsecured

3

creditor (such as his defense counsel), then the government would step into the Defendant's shoes and acquire whatever rights to the DRFC 401k he possesses and apply any non-exempt property to the Defendant's outstanding restitution. *United States v. Novak*, 476 F.3d 1041, 1063 (9th Cir. 2007) (government steps into the shoes of the debtor); *United States v. DeCay*, 620 F.3d 534, 540 (5th Cir. 2010); *United States v. Frank*, 8 F.4th 320, 325 (4th Cir. 2021); *United States v. Whitt*, No. 11-50395, 2011 WL 4062459, at *4-5 (E.D. Mich. Sept. 13, 2011) (Edmunds).

Relatedly, the Defendant argued the garnishment of the Retirement Funds is "improper" and an attempt to "circumvent" the payment of attorneys' fees. *Smith*, 2:24-cr-20532, ECF No. 51, at PageID.597. However, "it is settled law that restitution and forfeiture may be imposed concurrently [and] the two remedies, as a matter of fact, frequently compete for the same assets of a convicted defendant." *United States v. Cohen*, 988 F.Supp.2d 323, 324 (E.D.N.Y. 2013).

Prior to sentencing, the government provided the Defendant (and his counsel) a procedure to reach the Defendant's untainted property through the initial Temporary Restraining Order, subsequent TRO extensions, and Stipulated Preliminary Injunction (*United States v. Smith*, 2:24-cv-11626, ECF No. 5, 10, 11, 21, 24, and 25). The government was very careful to ensure the Defendant had a means of access to his "untainted" property. "[A] defendant's constitutional right to use his or her own funds to retain counsel of choice . . . is not implicated *unless the restraint actually affects the defendant's right to choose counsel and present a*

4

*defense.*" *United States v. Bonventre*, 720 F.3d 126, 131 (2nd Cir. 2013) (emphasis added). The pre-sentencing restraint of the Defendant's assets provided a specific exemption to access "funds necessary and reasonable to pay Smith's counsel of choice in his criminal case". *Smith*, 2:24-cv-11626, ECF No. 25, at PageID.527-28. Review of the record reflects that at no point has Defendant or Defendant's counsel made a motion for payment from any specific asset or for any specific amount. Further, records reflect the Defendant's counsel was already paid a sizeable retainer at the commencement of the criminal proceedings. ECF No. 15, at Page.93. *See United States v. Patel*, No. 5:11-CR-00031, 2018 WL 6579989, at *6 (W.D. Va. Dec. 13, 2018) (where defendant was represented by counsel of choice and had already paid counsel fees in an amount the court considered sufficient to defend the case, *Luis v. United States*, 136 S.Ct. 1083 (2016), was inapplicable).

The Court may determine the DRFC 401k in its entirety is subject to forfeiture as a substitute asset pursuant to 21 U.S.C. § 853(p), and the Defendant's interest in the property consequently forfeited to the United States. Pursuant to such an order, the government would withdraw its garnishment as it would be rendered moot. Pursuant to Fed. R. Crim. P. 32.2(c), the Defendant's counsel may file a petition or claim to the property to be adjudicated in an ancillary proceeding (Case No. 2:25-mc-50559 has been opened to handle the Defendant's related forfeiture ancillary matters). In cases where specific property is forfeited, the criminal forfeiture is not final unless the government has provided notice of the forfeiture, and the court has

5

resolved any ancillary petitions filed by third parties who have claimed interests in the specific property. Fed. R. Crim. P. 32.2(b)(4)(A).

In the event the Court determines *any* amount of the DRFC 401k is *not* subject to forfeiture as a substitute asset pursuant to 21 U.S.C. § 853(p), and *any* portion of the Defendant's interest in the property is *not* forfeited to the United States, the Court should find the Defendant's property interest subject to the United States' lien and the instant garnishment. Therefore, the United States requests entry of a Final Order of Continuing Garnishment of the nonexempt property of the Defendant for application to the Defendant's outstanding restitution.

WHEREFORE, pending the Court's forfeiture determination, the United States respectfully requests that this Court deny the Defendant's objection and entry of a Final Order of Continuing Garnishment.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: Jessica.Nathan@usdoj.gov
Date: October 24, 2025    Bar No.: (TX 24090291)

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, Jessica A. Nathan, Assistant United States Attorney, for the Money Laundering and Asset Recovery Unit, served the above via CM/ECF which will provide service to counsel of record.

|  |  |
|---|---|
| | By: /s/ Jessica A. Nathan |
| | JESSICA A. NATHAN |
| | Assistant United States Attorney |
| | 211 W. Fort St., Ste. 2001 |
| | Detroit, Michigan 48226 |
| | Phone: (313) 226-9643 |
| | E-mail: jessica.nathan@usdoj.gov |
| Date: October 24, 2025 | Bar No.: (TX 24090291) |

ss1